UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| DEXSTIN BRYANT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 22-2056 |
| | ) | |
| CHAD KOLITWENZEW, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Plaintiff, proceeding pro se and presently detained at Jerome Combs Detention Center brought the present lawsuit pursuant to 42 U.S.C. § 1983 alleging First and Fourteenth Amendment claims arising from the alleged confiscation and destruction of his books without notice or an opportunity to object. The matter comes before this Court for ruling on several pending motions.

**Plaintiff's Motions for Leave to Amend Complaint (Docs. 17, 22)**

Plaintiff seeks leave to amend his complaint. A district court should "freely give leave [to amend a pleading] when justice so requires." Fed. R. Civ. P. 15(a)(2). "[D]istrict courts have broad discretion to deny leave to amend where there is undue delay, bad faith, dilatory motive, repeated failures to cure deficiencies, undue prejudice to defendants, or where the amendment would be futile." *Mulvania v. Sheriff of Rock Island Cnty.*, 850 F.3d 849, 855 (7th Cir. 2017).

Plaintiff did not move to amend his complaint until more than three months after the deadlines to do so had expired and three weeks after discovery had closed, despite (1) receiving information identifying these individuals in October 2022; (2) testifying at his deposition about the roles these individuals had played in the alleged constitutional deprivations; and (3) the

Court's admonishment that he would have to identify these individuals. *See* Scheduling Order (Doc. 12 at 2, 4) (setting a 60-day deadline to identify the Doe defendant and a 90-day deadline to file any amended complaint); (Doc. 19-1) (Defendant's initial disclosures sent in October 2022, identifying the officials responsible for the alleged events); (Doc. 19-4 at 8-9) (Plaintiff's deposition transcript); (Doc. 5 at 2) ("Plaintiff will need to inform the Court of the appropriate defendants once he determines who they are."). Plaintiff provides no explanation for this delay or his failure to seek timely extensions of the relevant deadlines. The Court finds that permitting Plaintiff to amend his complaint at this stage would unnecessarily delay these proceedings and cause undue prejudice to Defendants. Plaintiff's motion for leave (Doc. 17) is denied.

The proposed amended complaint attached to Plaintiff's second motion to amend complaint (Doc. 22) names Defendant Kolitwenzew as a defendant and provides less information than his amended complaint. Because Plaintiff's motion is not timely and because this amendment is futile, Plaintiff's motion (Doc. 22) is denied.

### Defendant's Motion to File Exhibit Conventionally (Doc. 20)

Defendant's motion seeking leave to file a flash drive containing a video file conventionally with the Clerk's Office is granted.

### Defendant's Motion for Extension of Time (Doc. 21)

Defendant's motion to extend the dispositive motions deadline is granted. A new deadline is set forth below.

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's Motions for Leave to Amend Complaint [17][22] are DENIED.**
2) **Defendant's Motion to File Exhibit Conventionally [20] is GRANTED.**

3) **Defendant's Motion for Extension of Time [21] is GRANTED. Dispositive motions shall be filed by January 12, 2024.**

Entered this 4TH day of December, 2023.

*s/Sara Darrow*
SARA DARROW
CHIEF U.S. DISTRICT JUDGE

2:22-cv-02056-SLD   # 23   Filed: 12/04/23   Page 3 of 3